## GOOCH v. GEORGIA MARBLE COMPANY.

Where one suffers an injury as the result of the concurring negligence of two tort-feasors, the injured party may maintain a joint or several suit against the tort-feasors; and it will be sufficient to support a recovery in a joint suit if the negligence of both be a contributing cause, although the degree of care owed to the complainant by both parties defendant be not the same.

No. 2232.    APRIL 16, 1921.

The Court of Appeals certified to the Supreme Court the following questions (in Case No. 10860):

" 1. In a widow's action for damages for the homicide of her husband, against two alleged joint tort-feasors, one of them his employer, a marble company, and the other a railroad company, where from the petition it appears that one of his duties was to assist in switching cars owned and delivered by the railroad company, to be thereafter placed by the marble company, for the purpose of being loaded by it, on the side-track owned and maintained by the railroad company, and where the negligence charged consisted in the car having been fitted with a defective coupling, and in the right of way along the side-track having been obstructed with cross-ties and other obstacles, which facts together were the alleged occasion of his being run over by the car, after having stumbled over the obstructions while running along the side of the car in the performance of his duty, is there a misjoinder of parties defendant, on the theory that the duties owed to him by his employer, the marble company, and by the railroad company were not the same?

" 2. If the answer to the above question should be in the affirmative, would it be proper for this court [the Court of Appeals], in a suit thus brought, to authorize the plaintiff to strike one of the parties defendant? "

*W. J. Phillips, C. N. Davie, E. D. Kenyon,* and *John S. Wood,* for plaintiff. *McDaniel & Black,* for defendant.

BECK, P. J.    1. Under allegations in the petition raising the issues submitted by the first question propounded by the Court of Appeals, there was no misjoinder of parties defendant " on the theory that the duties owed to him [the decedent for whose homicide the widow brought her action for the recovery of damages] by his employer, the marble company, and by the railroad company were not the same." The cars which it became the duty of the

decedent to assist in switching were owned and delivered by the railroad company, but were thereafter to be placed by the marble company for the purpose of being loaded by it. The decedent was under the duty of assisting in handling the car alleged to be defective, on a side-track owned and maintained by the railroad company. The car which the decedent was attempting to stop at the time he was run over and killed was fitted with a defective coupling, in consequence of which he was compelled, in the performance of his duty, to run along by the side of the car, which was in motion, and in doing this stumbled over the obstructions by the side of the track which had been negligently placed and left there by the railroad company. The duty of handling the car was placed upon the decedent by the marble company; the duty of working along by the side of the track was also placed upon him by the marble company; and it was the decedent's duty, because of his being in the employment of the latter company, to attempt to stop the car which was running, and in the discharge of this duty he was working in the place in which he was required by his employer to work. The active performance of this duty brought him in collision with obstructions left by the side of the track through the alleged negligence of the railroad company; in consequence of his collision with these obstructions the decedent fell upon the track and was run over by the car. If the marble company was guilty of negligence because of the unsafe condition of the track and the ground along the track where its employee was required to discharge the duty imposed upon him under his contract of employment, and if the railroad company was negligent in furnishing the defective car which caused the plaintiff to pursue it and to run along the track by the side of it, and was negligent in having obstructions along the track, then the injuries to the plaintiff's husband, who was run over by the car when he fell, were injuries to which the negligence of both the railroad company and the marble company contributed. "Where the injury is the result of the concurring negligence of two or more parties, they may be sued jointly or severally. All may be sued jointly, notwithstanding different degrees of care may be owed by the different defendants." 29 Cyc. 565. The doctrine here laid down in Cyc. is based upon the case of Sternfels v. Street R. Co., 73 App. Div. 494 (77 N. Y. Supp. 309), and the authorities there cited. In this case it is said:

"It is well settled that an action may be maintained against two joint tort-feasors whose negligence contributes to produce an injury, even though the same obligations do not rest upon each with respect to the person injured. It is sufficient to support a recovery if the negligence of both be a contributing cause, even though one owes to the person injured a higher degree of care, and even though there be differing degrees of negligence by each." The doctrine here laid down is sound, and, as we construe the question of the Court of Appeals, is directly applicable to the recited facts.

2. The first question propounded by the Court of Appeals having been answered in the negative, it is unnecessary to answer the remaining question.          *All the Justices concur.*