S03G1791. JOHN CRANE, INC. v. JONES et al.
(604 SE2d 822)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *John Crane, Inc. v. Jones,* 262 Ga. App. 531 (586 SE2d 26) (2003), to consider the question:

> Where separate tortious acts allegedly committed by multiple defendants may have combined to produce the plaintiff's injury, must each individual tortfeasor's conduct constitute a "substantial" contributing factor in the injury in order to be considered a proximate cause thereof?

We conclude that the question must be answered in the negative; therefore, we affirm the judgment of the Court of Appeals.

The following facts are set forth in the opinion of the Court of Appeals. In 1996, Robert H. Jones filed a negligence and product liability action against John Crane, Inc. ("John Crane") and seven other corporate defendants alleging that he contracted mesothelioma because of occupational exposure to asbestos dust from products manufactured by the defendants. After Jones's death in 1997, his wife and the executrix of his estate, Laila A. Jones ("Jones"), was substituted as plaintiff and amended the complaint to add claims of wrongful death and loss of consortium. All defendants but John

Crane were either dismissed from the suit or filed for bankruptcy prior to trial. The jury returned a $1,975,000 verdict against John Crane, and the trial court denied John Crane's motions for judgment notwithstanding the verdict and for new trial.

John Crane appealed to the Court of Appeals, arguing, inter alia, that the trial court erred in refusing to charge the jury that Jones could not recover unless her husband's exposure to its products was a "substantial contributing factor" to his injuries.[1] The Court of Appeals concluded that the jury was properly charged on proximate cause. Id. at 535 (1).

John Crane argues that the Court of Appeals erred in its conclusion because the "substantial factor" formulation is consistent with Georgia law, has been widely accepted throughout the country, and is justified by public policy considerations. But such arguments are unavailing.

Contrary to John Crane's contention, requiring that its contribution to the resulting injury be "substantial" is not in accord with the longstanding law of Georgia. As the Court of Appeals noted in its opinion, the charge given by the trial court, which instructed that in order to find proximate cause the individual defendant's tortious conduct had to be a contributing factor in bringing about the plaintiff's damages, is entirely consistent with established law regarding the concurrent negligence of joint tortfeasors. *Gooch v. Ga. Marble Co.*, 151 Ga. 462, 463-464 (107 SE 47) (1921). The jury should not have been limited in considering the defendant's liability to only that situation in which its contribution to the plaintiff's injury was "substantial," for Georgia law clearly contemplates differing degrees of culpability among joint tortfeasors.

> Where the injury is the result of the concurring negligence of two or more parties, they may be sued jointly or severally. . . . It is well settled that an action may be maintained against two joint tort-feasors whose negligence contributes to produce an injury, even though the same obligations do not rest

---

[1] The trial court gave the following charge, which was agreed to by the parties except for the omission of the word "substantial":

> Proximate cause requires a showing by the plaintiff that the defendant's negligence was a factor in bringing about the loss. Where several negligent acts may have produced plaintiff's injury, to be considered the proximate cause an individual defendant's tortious conduct must constitute a contributing factor in bringing about the plaintiff's damages. Now, to hold an individual defendant liable, the plaintiff must introduce sufficient evidence to allow a jury to find that more than likely, their exposure to a particular defendant's product was a factor in producing their injuries.

*John Crane, Inc. v. Jones* at 532 (1).

upon each with respect to the person injured. It is sufficient to support a recovery if the negligence of both be a contributing cause[, even though one owes to the person injured a higher degree of care, and *even though there be differing degrees of negligence by each*].

(Emphasis supplied.) *John Crane, Inc. v. Jones*, supra at 533 (1), quoting *Gooch v. Ga. Marble Co.*, supra at 463-464.

John Crane points to *Polston v. Boomershine Pontiac-GMC Truck*, 262 Ga. 616 (423 SE2d 659) (1992), and *Fulmore v. CSX Transp.*, 252 Ga. App. 884 (557 SE2d 64) (2001),[2] as support for the use of the "substantial contributing factor" formulation. But, neither case advances its position. *Polston* is inapposite because it was a crashworthiness or enhanced injury case, that is, the defendant manufacturer's asserted liability was based upon alleged design defects which were contended to have enhanced the injuries the plaintiff received in a collision. *Polston v. Boomershine Pontiac-GMC Truck* at 616. Thus, the defendant was liable only to the extent that any design defect enhanced or aggravated the plaintiff's injuries over and above the circumstances without the alleged defect. Id. at 619. Consequently, the plaintiff had the burden of proving that the design defect was a substantial factor in producing the *additional* damages. Id.

*Fulmore* is likewise a poor analogy for the present case because it was the consolidated appeal of 18 negligence actions brought under the Federal Employers' Liability Act (FELA). As noted by the Court of Appeals, the sole basis in *Fulmore* for mentioning "substantial factor" in the context of proximate cause was a case from a foreign jurisdiction which was both factually and legally inapposite. See *Grassis v. Johns-Manville Corp.*, 591 A2d 671 (N.J. Super. 1991).

Citing Prosser and Keeton,[3] John Crane asserts that the "substantial factor" formulation should be employed in multiple tortfeasor asbestos cases because:

It aids in the disposition of . . . two other types of situations which have proved troublesome. One is that where a similar, but not identical result would have followed without the defendant's act; the other where one defendant

---

[2] Disapproved in part, *Norfolk & Western R. Co. v. Ayers*, 538 U. S. 135, 151, n. 11 (123 SC 1210, 155 LE2d 261) (2003).

[3] Prosser and Keeton, The Law of Torts, § 41, pp. 267-268 (5th ed. 1984).

has made a clearly proved but quite insignificant contribution to the result, as where he throws a lighted match into a forest fire.

But the first type of case described is akin to the situation of an enhanced injury, which this Court has already addressed. See *Polston v. Boomershine Pontiac-GMC Truck*, supra. The second presents the circumstance of a de minimus contribution to the injury. And as the Court of Appeals concluded, the jury charge at issue would not have misled the jury into believing that it could award damages for a de minimus exposure to asbestos. *John Crane, Inc. v. Jones*, 262 Ga. App. at 533 (1).

What is more, John Crane's citation to Prosser and Keeton is misleading because the quoted excerpt discusses the suitability of employing the "substantial factor" test as a substitute for the traditional "but for" test when determining cause-in-fact, not proximate cause. Prosser and Keeton, in fact, criticize extending the "substantial factor" formulation into the area of proximate cause.

> As applied to the fact of causation alone, the test though not ideal, may be thought useful. But when the "substantial factor" is made to include all of the ill-defined considerations of policy which go to limit liability once causation in fact is found, it has no more definite meaning than "proximate cause," and it becomes a hindrance rather than a help. It is particularly unfortunate in so far as it suggests that the questions involved are only questions of causation, obscuring all other issues, and as it tends to leave to the jury matters which should be decided by the court.[4]

Prosser and Keeton, The Law of Torts, § 42 at 278 (5th ed. 1984).

The idea of a "substantial factor" formulation in multiple tortfeasor cases is not a new concept. See, e.g., *Anderson v. Minneapolis, St. Paul & S. S. M. Ry. Co.*, 146 Minn. 430 (179 NW 45) (1920), overruled in part by *Borsheim v. Great Northern R. Co.*, 149 Minn. 210 (183 NW 519) (1921). Such a test was originally proposed by Jeremiah Smith in a law review article published in 1911. Smith, "Legal Cause in Actions of Tort," 25 Harv. L. Rev. 103 (1911). See *Jeter v. Owens-Corning Fiberglas Corp.*, 716 A2d 633, 636, n. 2 (Pa. 1998), citing

---

[4] Prosser and Keeton have noted that some courts that adopted a "substantial factor" test for both cause-in-fact and proximate cause subsequently experienced problems with the formula. See *Seward v. Minneapolis Street R. Co.*, 222 Minn. 454 (25 NW2d 221) (1946), discussing *Peterson v. Fulton*, 192 Minn. 360 (256 NW 901) (1934). Prosser and Keeton, The Law of Torts, § 42 at 278.

Prosser & Keeton, The Law of Torts, § 42 at 278 (5th ed. 1984). And as John Crane submits, the formulation has been used in some other jurisdictions in the context of asbestos litigation. See, e.g., *Jeter v. Owens-Corning Fiberglas Corp.*, supra; *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679 (653 NE2d 1196) (1995). But what has not been mentioned are the very real problems with applying a "substantial factor" standard in such negligence actions. A recent legal commentator observed that an "important reason for urging the courts not to use the 'substantial factor' vocabulary in discussing legal cause questions is a fear of proliferating issues." Robertson, "W. Page Keeton Symposium on Tort Law: The Common Sense of Cause in Fact," 75 Tex. L. Rev. 1765, 1780 (1997). In the analysis of a negligence action, the plaintiff must satisfy the elements of the tort, that is, the plaintiff must show a duty, a breach of that duty, causation, and damages. Id.; *Johnson v. American Nat. Red Cross*, 276 Ga. 270, 272 (1) (578 SE2d 106) (2003). It would be a departure from the analysis to add the requirement that the causal connection must be substantial. Robertson, supra at 1781. Once the term "substantial factor" is employed in the general negligence law vocabulary, there is the danger that it will be used not only to describe a general approach to the legal cause issue, but will turn into a separate and independent hurdle that the plaintiff will have to overcome in addition to the standard elements of a claim of negligence. Id. So too, has there been great difficulty and disparity in the courts' definition of "substantial factor." See, e.g., *Rutherford v. Owens-Illinois, Inc.*, 941 P2d 1203 (Cal. 1997); *Horton v. Harwick Chem. Corp.*, supra at 686-687; *Lockwood v. A C & S, Inc.*, 109 Wn.2d 235 (744 P2d 605) (Wash. 1987); *Lohrmann v. Pittsburgh Corning Corp.*, 782 F2d 1156, 1162-1163 (4th Cir. 1986).

As to public policy concerns, John Crane's arguments are likewise unpersuasive. John Crane urges that refusing to embrace the "substantial contributing factor" formulation will subject every defendant in asbestos actions to joint and several liability for injuries caused by others' conduct, and will encourage an increase in asbestos cases, thus creating administrative problems for the judicial system. However, asbestos litigation is not new, and the absence of a "substantial contributing factor" formulation has not led to the proliferation of such lawsuits, nor is it likely to do so. John Crane's assertions ignore the fact that the injured plaintiff in Georgia must prove that he or she was exposed to asbestos-containing products for which the defendant is responsible. *Blackston v. Shook & Fletcher Insulation Co.*, 764 F2d 1480 (11th Cir. 1985). Under Georgia law, proximate cause is an essential element of the plaintiff's case regardless of whether the plaintiff proceeds under a theory of negligence or strict liability. Id. at 1482; OCGA § 51-1-11 (b) (1); *Jones v. NordicTrack*, 274

Ga. 115 (550 SE2d 101) (2001). See also *Hoffman v. Allied Corp.*, 912 F2d 1379 (11th Cir. 1990); *Lee v. Celotex Corp.*, 764 F2d 1489, 1490 (11th Cir. 1985); *Lowie v. Raymark Indus.*, 676 FSupp. 1214, 1216 (S.D. Ga. 1987). As was noted in *Blackston v. Shook & Fletcher Insulation Co.*, the fact that the plaintiff must

> identify the asbestos-containing product of a particular de- fendant and show that [he] worked in proximity to [use of that product] sets a standard that is difficult to meet, in view of the length of time between exposure and perceived injury and the migratory nature of much of the employment in- volving asbestos exposure.

*Id.* at 1486. Thus, refusing to endorse the additional hurdle that each individual tortfeasor's conduct must constitute a "substantial" con- tributing factor in the plaintiff's injury in order to be considered a proximate cause thereof will neither subject defendants like John Crane to unjust liability nor open the floodgates of asbestos litigation.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 8, 2004 —
RECONSIDERATION DENIED DECEMBER 9, 2004.

*Hawkins & Parnell, Ollie M. Harton, Elizabeth B. Padgett, Baker & McKenzie, Michael A. Pollard*, for appellant.

*Lane & Gossett, Roger B. Lane*, for appellees.

*Alston & Bird, Dow N. Kirkpatrick II, J. Kennard Neal, Orlyn O. Lockard III, McNatt & Greene, Hugh B. McNatt, Brinson, Askew, Berry, Seigler & Richardson, Robert M. Brinson, Troutman Sanders, Daniel S. Reinhardt, Whelchel, Brown, Readdick & Bumgartner, J. Thomas Whelchel, Nelson, Mullins, Riley & Scarborough, Sara S. Turnipseed, Thomas F. Wamsley, Jr., Hunton & Williams, Jay B. Bryan, Emily R. Bramer*, amici curiae.