A04A1507. JOHN CRANE, INC. v. HIGHSMITH et al.
(608 SE2d 690)

ADAMS, Judge.

James P. Highsmith filed a negligence and strict liability action against John Crane, Inc. and others[1] based on allegations that he had contracted mesothelioma as a result of exposure to asbestos dust from products manufactured by the defendants. Highsmith died approximately six months after the complaint was filed, and his wife Lois Highsmith, who was also the executrix of his estate, was substituted as the plaintiff and allowed to file an amended complaint adding claims for wrongful death and loss of consortium. The jury returned a verdict in favor of Highsmith, and the trial court entered judgment on the verdict in the amount of $1,266,377. The trial court denied John Crane's motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial, and John Crane filed the present appeal to this Court.

1. John Crane first contends that the trial court erred by refusing to charge the jury that John Crane's products must have been a "substantial" contributing factor to Highsmith's injuries.[2] As John

---

[1] The other defendants either were dismissed or filed bankruptcy prior to trial.

[2] The trial court gave the following charge, which was agreed to by the parties except for the omission of the word "substantial":

Proximate cause requires a showing by the plaintiff that the defendant's negligence was a factor in bringing about the loss. Where several negligent acts may have produced the plaintiff's injury, to be considered the proximate cause, an individual defendant's tortious conduct must constitute a contributing factor in bringing about the plaintiff's damages. To hold an individual defendant liable the plaintiff must produce sufficient evidence to allow a jury to find that more than likely their exposure to a particular defendant's product was a factor in producing their injuries.

Crane acknowledges, this exact issue was before the Supreme Court following the grant of certiorari in the case of *John Crane, Inc. v. Jones*, 262 Ga. App. 531 (586 SE2d 26) (2003), and the parties agree that the Supreme Court's decision in that case is controlling here. Our Supreme Court has now decided this issue adversely to John Crane, *John Crane, Inc. v. Jones*, 278 Ga. 747 (604 SE2d 822) (2004), and thus for the reasons set forth in that opinion, we find this enumeration to be without merit.

2. John Crane also contends that the trial court erred by failing to charge the jury that John Crane was not a manufacturer of the gasket material at issue in this case, and that, therefore, as a product seller it could be found liable only under a negligence theory. OCGA § 51-1-11.1. In its brief to this Court, John Crane asserts that it "merely packaged and sold gaskets in a container with the 'John Crane' label. [It] had no input in the design or creation of the gasket material and made no modifications to the gaskets prior to re-packaging."[3] However, John Crane does not provide any citation to the transcript to show that evidence was presented at trial to show that it was merely a supplier of the gasket material, and it does not point to any of the numerous pre-trial documents it filed to show that this was one of the many disputed issues between the parties.[4] Instead, John Crane relies solely on a remark made by Highsmith's counsel during post-trial colloquy with the trial court that John Crane characterizes as a stipulation on this issue. However, the transcript further discloses that Highsmith's counsel went on to argue that testimony presented at trial showed that the gaskets used at the plant where Highsmith worked were John Crane gaskets with John Crane's name on them, and that John Crane had not put forth any evidence that it was not the manufacturer of these gaskets. Based on this argument, the trial court denied John Crane's motion for directed verdict on this issue. Moreover, the court's charge to the jury adequately instructed the jury on theories of both strict liability and negligence. Since the evidence here was unclear as to whether John Crane was merely a supplier of the gasket material used in the plant where Highsmith worked, we cannot say that the trial court erred by refusing to give the requested charge. See *Buchan v. Lawrence Metal Products*, 270 Ga. App. 517 (607 SE2d 153) (2004) (defendant can be both a manufacturer and a seller of a product); *Dean v. Toyota Indus. Equip. Mfg.*, 246 Ga. App. 255, 257 (1) (540 SE2d 233) (2000) (same).

---

[3] John Crane does not appear to dispute that it manufactured some of the packing that was used in the plant where Highsmith worked.

[4] The record and transcript in this case consists of twenty-one volumes, contained in two boxes.

3. John Crane contends the trial court erred by denying its motions for directed verdict and its motion for j.n.o.v. and new trial because Highsmith failed to prove that its products were defective, and because there was insufficient evidence that Highsmith was exposed to its products.

> Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict. As long as there is some evidence to support the verdict, the denial of a defendant's motion for (j.n.o.v.) will not be disturbed.

(Citation and punctuation omitted.) *John Crane, Inc. v. Jones*, 262 Ga. App. at 537.

Viewed in this light, the evidence presented in this case was sufficient to meet plaintiff's burden of showing both that John Crane's products were defective in that these products released respirable asbestos fibers, and that James Highsmith was directly exposed to John Crane's defective products during the time he worked as a mechanic at the plant, and that he continued to work in close proximity to others who were using John Crane's products after he was promoted to a supervisory position. This enumeration is thus also without merit.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 24, 2004 —
RECONSIDERATION DENIED DECEMBER 14, 2004.

*Hawkins & Parnell, Ollie M. Harton, Jennifer P. Treanor, Elizabeth B. Padgett,* for appellant.

*Lane & Gossett, Roger B. Lane,* for appellees.