[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12854
Non-Argument Calendar

_____

D. C. Docket No. 06-02277-CV-WSD-1

TROY CROCKETT,

Plaintiff-Appellant,

versus

SECURITAS SECURITY SERVICES USA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 21, 2007)**

Before BIRCH, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Troy Crockett was arrested for failure to pay child support. He sued his

employer, Securitas Security Services USA, Inc. (SSS), essentially claiming SSS was at fault for failing to garnish his wages. The district court granted summary judgment to SSS, from which Crockett now appeals <u>pro se</u>. We affirm.

**I.**

On review of summary judgment on behalf of SSS, we take the facts in the light most favorable to Crockett. <u>See, e.g., Peterson v. Baker</u>, 504 F.3d 1331, 1336 (11th Cir. 2007).

Crockett was an SSS employee. After a paternity dispute involving Crockett was settled by DNA testing, a Georgia state court entered a consent order imposing child support obligations on Crockett on October 14, 2005. The first payment was due November 1, 2005. According to Crockett, on October 15, 2005, he requested Human Resources at SSS to deduct the child support payments from his paycheck and pay them over to the proper authorities. Human Resources allegedly agreed to do so on November 1, 2005. (An affidavit from the pertinent Human Resources official disputes this, asserting that SSS knew nothing of Crockett's child support obligations until later receiving a garnishment order, but for purposes of reviewing summary judgment, we assume Crockett made a proper request.) In any event, the first child support payment was due in November 2005 but was not paid. Georgia's Office of Child Support Enforcement then sent SSS a garnishment order,

with which it complied beginning December 15, 2005, the next pay period.

Crockett was arrested for his failure to pay on January 26, 2006. SSS immediately

suspended Crockett. After a not-guilty disposition of the criminal case, SSS

initially refused to reinstate Crockett, but eventually did so on August 8, 2006,

albeit at a lower salary.

Thereafter Crockett, a Georgia resident, filed a pro se complaint in Georgia

state court alleging negligence and a wrongful suspension from employment. SSS

removed the case to the Northern District of Georgia on the basis of diversity

jurisdiction; it then answered and moved to dismiss for failure to state a claim.

Crockett obtained counsel, who filed an amended complaint incorporating by

reference the original complaint and adding claims for intentional infliction of

emotional distress and retaliation. Crockett also moved to remand the case to state

court. The district court permitted the amendment and denied the motion to

remand. Because SSS's motion to dismiss included a copy of the child support

order, the motion was converted to one for summary judgment. The district court

granted summary judgment on the claims of intentional infliction of emotional

distress and retaliation. The court did not specifically rule on the negligence claim,

likely because that claim was incorporated by reference and not separately set forth

in the amended complaint. Nonetheless, final judgment entered against Crockett.

3

This appeal followed.

## II.

On appeal, Crockett appears to raise two arguments: that the district court lacked subject matter jurisdiction, and that there were triable issues of fact concerning his negligence claims. Even construing Crockett's arguments liberally, as we must, we conclude the district court did not err.

Crockett first argues that the district court lacked subject matter jurisdiction, which was lodged under 28 U.S.C. § 1332, because the parties were not diverse. The district court found diversity because Crocker is a Georgia resident, while SSS is a Delaware corporation with its principal place of business in California. We review de novo the district court's conclusion that it had jurisdiction on the facts presented, but we review for clear error the district court's determination of corporate citizenship and the factual conclusions underlying it. MacGinnite v. Hobbs Group LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). For purposes of the diversity statute, a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). A corporation's principal place of business is determined by its total activities, which must take into account the location of the corporation's "nerve center" (typically its corporate headquarters) and its "place of activities" (the location of a majority of

4

its sales or production activities).  See MacGinnite, 420 F.3d at 1239.

The district court's conclusion that SSS had its principal place of business in California was based on two facts: (i) SSS's corporate headquarters is located there, and (ii) about 13% of its revenue comes from California, far more than the 1% or so that comes from Georgia.  Crocker challenges the finding that California was SSS's principal place of business, arguing that the revenue figures submitted by SSS and adopted by the court were incorrect.  Yet Crocker offered no contrary evidence concerning SSS's citizenship, merely a conclusory allegation that SSS made misstatements.  Given that the California nerve center was conceded and that Crocker produced no contrary evidence about SSS's place of activities, the district court did not clearly err in finding that SSS had its principal place of business in California, and thus that the parties were diverse.

Crockett next argues that summary judgment was improper.  Summary judgment, the entry of which we review de novo, is warranted when there are no disputed issues of material fact.  Smith v. Allen, 502 F.3d 1255, 1264 (11th Cir. 2007).  Generously construed, Crockett's argument appears to be that the summary judgment record created a triable issue concerning SSS's negligence in failing to deduct and remit his child support payments after his October 15, 2005 request.  This argument fails as a matter of law.  Any disputed issues of fact concerning

5

Crockett's request that SSS remit his child support payments are not material.

As an initial matter, we note that the district court did not specifically explain why judgment for SSS was warranted on the negligence claim. We do not typically address arguments not addressed by the district court, but we have the authority to do so. Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1372 n.5 (11th Cir. 1998). In the interests of judicial economy, and because resolution of the issue here presents a straightforward question of law which was briefed below and on appeal, we exercise our discretion to reach the issue.

To show negligence under Georgia law, Crockett must show that SSS owed him a duty and breached it, thereby causing him damages. See, e.g., John Crane, Inc. v. Jones, 604 S.E.2d 747, 751 (Ga. 2004). The threshold question in a negligence suit is whether the defendant owed the plaintiff a duty of care, and the existence of such a duty is a question of law. City of Rome v. Jordan, 426 S.E.2d 861, 862 (Ga. 1993). A statute may form the basis for a duty of care, but before a negligence claim will lie for a statutory violation, "it is necessary to examine the purposes of the legislation and decide (1) whether the injured person falls within the class of persons [the statute] was intended to protect and (2) whether the harm complained of was the harm it was intended to guard against." Central Anesthesia Assoc., PC v. Worthy, 325 S.E.2d 819, 823 (Ga. App. 1984) (citations omitted).

6

Crockett's argument founders on this threshold requirement because any duty to garnish wages was not owed to him. To the degree the relevant statute and child support order created a duty for SSS to garnish Crockett's wages, Crockett was not among the class of persons protected by the duty. Garnishment in aid of collecting child support was intended for the benefit of children and their custodial parents, not for the convenience of the payor. Moreover, Crocker cites no basis for imposition of a non-statutory duty of care in these circumstances, and we discern none. Summary judgment on the negligence claim was proper.

Finally, we conclude that Crockett's initial brief did not raise any argument concerning the dismissal of his other claims. Therefore, even though these claims are addressed in the reply brief, they are abandoned. United States v. Evans, 473 F.3d 1115, 1120 (11th Cir. 2006) (arguments first raised in reply brief are not properly preserved).

**AFFIRMED.**